## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01126-REB-STV

LENDER TOOLKIT, LLC

        Plaintiff,

v.

MLD MORTGAGE, INC.,

        Defendant.

---

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE
## OR ALTERNATIVELY
## MOTION TO TRANSFER VENUE

---

Defendant MLD Mortgage, Inc. ("MLD") brings this Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. Sections 1391(b)(2) and 1406(a), or in the alternative, this Motion to Transfer Venue to the District of New Jersey pursuant to Section 1404(a). MLD's counsel has made reasonable good faith efforts to confer with Plaintiff's counsel via email regarding the alternative relief requested pursuant to D.C.COLO.LCivR 7.1(a)–(b)(2) on July 7th, 11th, and 13th, 2023, but as of the date of this filing is unaware of Plaintiff's position regarding transfer to the District of New Jersey. In support of this motion, MLD states as follows:

### Background

1.     MLD is a New Jersey corporation with its principal place of business in New Jersey. *See* **Exhibit A**, Declaration of Laura LaRaia, ¶ 4 ("LaRaia Decl.").

2.     Plaintiff Lender Toolkit, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in Utah, and its members reside in Utah and Michigan. *See* Compl. ¶¶ 1–2.

3.     MLD is a mortgage lending company that transacts business in forty-seven (47) states. LaRaia Decl. ¶ 5.

4.     MLD's business operations are run out of its New Jersey-based headquarters. *Id.* ¶ 6.

5.     MLD does not have offices, physical infrastructure, or employees in the State of Colorado (this "State"). *Id.* ¶ 7.

6.     On or around March 25, 2021, the Parties entered into an agreement for various services and software solutions in exchange for a fee (the "Agreement"). *See* Compl. ¶ 6; *see also*, LaRaia Decl. ¶ 8. A true and accurate copy of the Agreement is attached to this Motion as **Exhibit B**. *See* LaRaia Decl. ¶ 8.

7.     MLD, through its Chief Financial Officer David Zilberman, executed this Agreement within New Jersey, the State where Mr. Zilberman resides and works. *Id.* ¶ 9.

8.     The products and services that Plaintiff was to provide to MLD under the Agreement were to be implemented in MLD's nationwide business and were not exclusively provided to services offered in Colorado. *Id.* ¶ 10.

9.     In exchange for its services, Plaintiff submitted invoices to MLD's headquarters located in New Jersey. *Id.* ¶ 11.

10.     Invoices from Plaintiff to MLD dated after December 31, 2021 contained instructions to remit payment to Plaintiff at PO Box 712225, Salt Lake City, Utah 84121, and

invoices dated prior to that date were submitted to Plaintiff at PO Box 201, Bountiful, Utah 84010. *Id*.

11.     Plaintiff filed its Complaint on or around May 5, 2023 and alleges MLD is in breach of contract or was unjustly enriched after failing to pay Plaintiff for its services under the Agreement. Compl. ¶¶ 6–10, 18.

12.     The Complaint alleges that venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a) "because a substantial part of the events or omissions giving rise to the claims occurred in this district, and because the agreement between the Parties was to be performed in Colorado and it is governed by Colorado law," *id*. ¶ 5, and the Complaint is otherwise silent on factual allegations tying this dispute to the state of Colorado. *See generally*, *id*.

13.     The Agreement is silent on venue, jurisdiction, and choice of law. *See generally*, Ex. B.

## **Argument**

### I.   *Introduction.*

In its Complaint, Plaintiff alleges a single conclusory allegation to establish that venue is proper in the District of Colorado by stating the Agreement at issue was to be performed in Colorado and that events or omissions giving rise to its Breach of Contract and Unjust Enrichment claims occurred within the State, in effect invoking the venue elements proscribed in Section 1391(b)(2)[1]. Far from establishing facts that tie the underlying dispute to this District, Plaintiff's Complaint fails to make a *prima facie* showing that venue is properly established in the State of

---

[1] From communications with Plaintiff's counsel, Defendant understands that this is the basis upon which Plaintiff is asserting venue is proper in Colorado. To the extent Defendant relies on alternative theories, such are not evident on the face of the Complaint and have not been communicated to Plaintiff. Plaintiff therefore reserves the right to address and such arguments in its Reply.

Colorado. Indeed, no substantial part of the events or omissions giving rise to the claim occurred within the State, and venue is therefore improper under Section 1391(b)(2). In support, Defendant submits the following and respectfully requests that this Court dismiss this action on grounds that that this District is an improper venue, or in the alternative, respectfully requests that this Court transfer this action to the District of New Jersey.

II.    *Relevant Law and Standard of Review.*

As relevant to this action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). When analyzing the "events or omissions" prong under Section 1391(b)(2), courts in this District have applied the Tenth Circuit's two-part analysis. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010); *see also*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1325 (D. Colo. 2019). First, a court should examine the nature of the plaintiff's claims and the acts or omissions underlying those claims. *See Bartile Roofs*, 618 F.3d at 1166. Second, a court should examine whether substantial events material to plaintiff's claims occurred in the forum district. *Id*. The "substantial events" prong is satisfied "upon a showing of acts and omissions that have a close nexus to the alleged claims." *Id*.

In reviewing a Rule 12(b)(3) motion to dismiss for improper venue, a court may examine facts outside of the complaint, such as a defendant's affidavits. *Buckner Co.*, 388 F. Supp. 3d at 1324. Once venue is challenged, "it is the plaintiff's burden to show that venue is proper in the forum district." *Id*. A plaintiff "may rest on the well-pled facts in the complaint to oppose a motion to dismiss for improper venue, but only to the extent that such facts are uncontroverted by defendant's evidence." *Pillow Menu, LLC v. Super Effective, LLC*, No. 20-CV-03638-STV, 2021

WL 3726205, at *4 (D. Colo. Aug. 19, 2021). And while a court must accept the well-pleaded allegations of the complaint as true to the extent that they are uncontested, "mere conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Gross v. Silverberg*, No. 10-CV-00687-REB-BNB, 2010 WL 5147594, at *1 (D. Colo. Dec. 13, 2010); *see also*, *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true"), *cert. denied*, 538 U.S. 999 (2003). If the Court determines that the Plaintiff filed a case laying venue in an improper district, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

III.   *Venue is Improper in this District Because a Substantial Part of the Events or Omissions Giving Rise to the Claims Did Not Occur in Colorado.*

The first element of a court's Section 1391(b)(2) analysis considers the nature of the plaintiff's claims and the acts or omissions underlying those claims. *See Pillow Menu*, No. 20-CV-03638-STV, 2021 WL 3726205, at *5 (internal quotations omitted). Here, Plaintiff's first claim for relief alleges MLD breached the Agreement by "failing to keep up on its payment obligations while continuing to utilize [Plaintiff's services]." Compl. ¶ 8. Plaintiff's second claim for relief similarly alleges MLD was unjustly enriched because it received the benefit of Plaintiff's services without fully compensating Plaintiff. *Id.* ¶¶ 17–22.

In its Complaint, Plaintiff makes a single conclusory allegation that "a substantial part of the events or omissions giving rise to the claims occurred in this district, and [that] the agreement between the parties was to be performed in Colorado," but is otherwise silent on how those events or omissions are related to the forum. Compl. ¶ 5. Rather, no facts support the contention that the any event or omission giving rise to either of its claims—i.e., MLD's alleged non-payment of

5

fees—occurred within the State. MLD's financial operations are run out of its New Jersey Office, *id*. ¶ 6, and Plaintiff submitted invoices to MLD at its New Jersey Office, *id*. ¶ 11. Any amounts that MLD paid or failed to pay, including any executive decisions to pay or not pay, would necessarily have occurred exclusively in New Jersey, and any payments submitted Plaintiff were remitted to its Utah addresses. *Id*. Likewise, Plaintiff's financial damages resulting from the alleged non-payment could only have occurred in its state of incorporation (Delaware), or its principal place of business (Utah) where payments would have been submitted.

The second step of the Court's venue analysis is to consider whether "substantial events material to Plaintiff's [claims] occurred in the District of Colorado." *Pillow Menu*, 2021 WL 3726205, at *7 (internal quotations omitted). In the context of breach of contract claims, "courts consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Id.* at *6. Plaintiff is a Delaware company that principally operates out of Utah. Compl. ¶ 1. Likewise, MLD is incorporated in New Jersey, the state where it principally operates and is headquartered. LaRaia Decl. ¶ 4. MLD has no offices, physical infrastructure, or employees in Colorado, and its negotiation and execution of the Agreement occurred exclusively in New Jersey, the state where any of its performance would have occurred. *Id*. ¶¶ 6–9. Plaintiff, too, could only perform in Delaware, Utah, or New Jersey because the services it provided to MLD were to be implemented into MLD's nationwide business operations and were not limited to services exclusively offered in Colorado. *Id*. ¶ 10. Indeed, Colorado accounts for only .081% of MLD's nationwide business volume between 2019 and the date of this Motion. *Id*. ¶ 12. Finally, the Agreement is entirely silent on venue, jurisdiction, and

choice of law. *See generally*, Ex. B. In short, there is neither facts nor evidence in support of a finding that venue is proper in the District of Colorado.

Though Plaintiff makes a single allegation in support of proper venue in this District by parroting the language of Section 1931(b)(2), "mere conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Gross*, 2010 WL 5147594, at *1. The facts alleged in the Complaint do not establish any nexus between the dispute and the chosen forum, and when viewed in light of the facts addressed in this Motion, it is clear that Venue is improper in the District of Colorado. Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. Section 1406(a), Plaintiff's Complaint must be dismissed.

IV.    *The District of New Jersey is a Proper Venue for this Dispute, and the Court should Alternatively Transfer to that District.*

A district court must dismiss a case that lays venue in the wrong district, or if the court determines that the interest of justice may better be served by a transfer to an appropriate venue, it must transfer. *See* 28 U.S.C. § 1406(a). A district court also has discretionary authority to transfer a case to an appropriate venue for the convenience of parties and witnesses involved. *See* 28 U.S.C. § 1404(a). In considering a motion to transfer under Section 1404(a), courts weigh a number of discretionary facts, including the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including:

> [T]he availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted); *see also*, *Bartile Roofs*, 618 F.3d at 1167. The party moving to transfer a case under Section 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Bartile Roofs*, 618 F.3d at 1167. Courts "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id*. at 1168.

Here, MLD contends in the foregoing that venue is improper in the District of Colorado and the Court must dismiss. If the Court determines that venue in this forum is indeed improper but that the interests of justice would best be served by transferring the case to an appropriate venue, MLD respectfully requests alternative relief in the form of a transfer to the District of New Jersey under Section 1406(a), the district where it concedes proper venue may lay. However, if the Court instead determines that venue in Colorado is in fact proper, MLD respectfully requests that this case be transferred to the District of New Jersey based on the convenience of the Parties and witnesses and the interests of justice.

Proper venue aside, it is clear that the acts and omissions giving rise to the lawsuit have no material relation or significant connection to the Plaintiff's chosen forum, and this Court should accord little weight to its choice in determining which venue would be more convenient for the Parties to adjudicate their claims. The Agreement contains no conflict of laws provision that would complicate the dispute by transfer. *See generally*, Ex. B. The Complaint brings two common-law claims for relief that are not specific to local questions of law, and adjudication in this forum would serve little to no benefit for either party as a result. Indeed, neither party is a resident of this State, and any witnesses proffered during the course of litigation will need to travel outside their state of

residence regardless of whether this action remains in the forum or is transferred. However, a transfer to the District of New Jersey would eliminate the need for travel for MLD's witnesses because they reside in New Jersey. And while Plaintiff's principal place of business is located in Utah, it is a Delaware company whose members reside, at least in part, in Michigan. A transfer to New Jersey would in effect lower costs of travel for many of the relevant witnesses. The District of New Jersey is also better positioned to compel the attendance of the Parties' witnesses or otherwise compel the production of discovery due to its proximity to MLD's New Jersey Office. New Jersey also has a stronger interest in adjudicating questions of law surrounding its own resident corporation as compared to Colorado. In effect, any prejudice that either party would suffer would be minimal following a transfer, and convenience for either would be heightened.

In sum, the totality of the circumstances surrounding this dispute, in conjunction with the alleged acts or omissions giving rise to Plaintiff's claims, leave little conceivable reason for this action to be maintained in this forum because the factors in favor of transfer for the convenience of the Parties and witnesses far outweigh any inconvenience that would be had. Accordingly, MLD respectfully requests, in the alternative to dismissal, that the Court transfer this case to the District of New Jersey pursuant to 28 U.S.C. Section 1404(a).

<u>**Conclusion**</u>

Based on the foregoing, MLD respectfully requests that this Court grant its Motion to Dismiss Plaintiff's claims based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and Sections 1391(b)(2) and 1406(a), or in the alternative, grant it alternative relief by transferring this action to the District of New Jersey pursuant to Section 1404(a).

Dated this 14th day of July, 2023.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP


/s/  *Robin A. Jackson*
Stephen J. Horace
Robin A. Jackson
675 15th Street, Suite 2000
Denver, CO  80202
Telephone:     720.240.9515
Fax:               877.398.5240
Email:            sjhorace@michaelbest.com
                      rajackson@michaelbest.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of July, 2023, a true and correct copy of the foregoing **Motion to Dismiss for Improper Venue or Alternatively Motion to Transfer Venue** has been electronically filed with the Clerk of Court utilizing the CM/ECF system which will send notice by electronic mail to the following:

Cara Thornton
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
cthornton@fortislawpartners.com

*Attorneys for Plaintiff*

/s/ *Robin A. Jackson*
Robin A. Jackson